IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02826-LTB

DEAN CARBAJAL, and
VICTORIA CARBAJAL

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, A Political Subdivision of the State of Colorado,
MITCHELL R. MORRISSEY, District Attorney, For the Second Judicial District in His
      Individual and Official Capacity,
ANNE M. MANSFIELD, District Court Judge for the Second Judicial District in Her
      Individual and Official Capacity,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, In Her
      Individual and Official Capacity,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, In Her
      Individual and Official Capacity, and
EDWARD D. BROFIN, Magistrate Judge for the Second Judicial District in His
      Individual and Official Capacity,

      Defendants.

## ORDER GRANTING MOTION FOR RECONSIDERATION

This matter arises on the "Motion for Reconsideration and Notice of Error" filed by Plaintiffs. They seek reconsideration of the Order of Dismissal and the Judgment entered on January 5, 2012. The Court must construe the Motion liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will grant the Motion.

The Court dismissed the Complaint and action without prejudice because Plaintiffs failed to comply with Magistrate Judge Boyd N. Boland's November 21, 2011

Order directing them to file an Amended Complaint consistent with Fed. R. Civ. P. 8(a) and to show cause why Plaintiff Victoria Carbajal's claims should not be severed from this action pursuant to Fed. R. Civ. P. 21.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiffs' Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to vacate is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Plaintiffs have given some reason why the Court should alter or amend the January 5 Order of Dismissal and Judgment in this action.

In the Motion for Reconsideration, Plaintiffs state that they filed a Response addressing the Court's directive to show cause and a motion for extension of time to file an Amended Complaint within the time allowed, but "inadvertently" the filings were docketed in the wrong case.   The Court has reviewed the Court's docket.  A review of the docket in Case No. 10-cv-02862-REB-KLM shows that on December 22, 2011, Plaintiffs filed a "Motion for Extension of Time and Response to the Trial Courts Show Cause Order."  The Motion is captioned, "Civil Action No. 10-cv-02862-REB-KLM." Plaintiffs are responsible for the management of their cases and for identifying each filing submitted to the Court with the correct case number.  Nonetheless, now that Plaintiffs have alerted the Court about the incorrect caption on the December 22 Motion, it is clear that the Motion should be filed in this case.  The Court, therefore, will vacate the Order of Dismissal and Judgment in this case.  Accordingly, it is

ORDERED that Plaintiffs' Motion for Reconsideration (Doc. No. 13) is granted.  It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on January 5, 2012, are vacated.  It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket.  It is

FURTHER ORDERED that Plaintiffs, within thirty days of the date of this Order, shall file an Amended Complaint as they were instructed to do in the November 21, 2011 Order.  It is

FURTHER ORDERED that Plaintiffs shall obtain the Court-approved Prisoner Complaint form (Plaintiff Dean Carbajal may obtain the form with the assistance of his

case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Complaint.  It is

FURTHER ORDERED that if Plaintiffs fail to comply with this Order within the time allowed the Complaint and action will be dismissed without further notice.  It is

FURTHER ORDERED that the Clerk of the Court is directed to place on the Docket in this case a copy of Document No. 247 from Case No. 10-cv-02862-REB-KLM.  It is

FURTHER ORDERED that once Document No. 247, a Motion for Extension of Time, is placed on the Docket in this case the Motion shall be denied as moot.  It is

FURTHER ORDERED that the Court will defer consideration of the Response portion of Document No. 247 until Plaintiffs have filed an Amended Complaint.

DATED at Denver, Colorado, this  17th  day of      January     , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court