IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02826-BNB

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
MITCHELL R. MORRISSEY, District Attorney for the Second Judicial District, in his
    individual and official capacity,
ANNE M. MANSFIELD, District Court Judge for the Second Judicial District, in her
    individual and official capacity,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her
    individual and official capacity,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her individual
    and official capacity,
ROBERT FULLER, Investigator for the Second Judicial District, in his individual and
    official capacity,
EDWARD D. BROFIN, Magistrate Judge for the Second Judicial District, in his
    individual and official capacity,
UNKNOWN COURT REPORTER, Court Reporter for the Second Judicial District, in her
    individual and official capacity, and
UNKNOWN TRANSCRIBER, Transcriber for the Second Judicial District, in her
    individual and official capacity,

    Defendants.

## ORDER OF DISMISSAL

Dean Carbajal, a named Plaintiff in this action, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Victoria Carbajal, who also is a named Plaintiff, is Dean Carbajal's mother. The Carbajals initiated this action by filing *pro se* a Complaint and Jury

Demand (ECF No. 1). On November 14, 2011, the Carbajals filed an amended complaint (ECF No. 5). On November 21, 2011, Magistrate Judge Boyd N. Boland ordered the Carbajals to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and to show cause why the claims asserted by Victoria Carbajal should not be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure. On January 30, 2012, the Carbajals, joined by a third Plaintiff, Luis Leal, filed a Second Amended Complaint and Jury Demand (ECF No. 19).

The Court must construe the second amended complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the second amended complaint and finds that the second amended complaint also fails to comply with the pleading requirements of Rule 8. As Plaintiffs were advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to [each Plaintiff]; when the defendant

did it; how the defendant's action harmed [each Plaintiff]; and, what specific legal right [each plaintiff] believes the defendant violated."

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that the amended complaint in this action did not comply with Rule 8 because the amended complaint did not include a short and plain statement of the claims being asserted. Magistrate Judge Boland specifically noted that the claims in the amended complaint were repetitive and unduly prolix and that, like a prior case initiated by the Carbajals, *see Carbajal v. Serra*, No. 10-cv-02862-REB-KLM (D. Colo. filed Nov. 23, 2010), the amended complaint included a confusing mix of relevant facts and political and legal argument. Magistrate Judge Boland also

noted that the Carbajals "have been instructed previously and in detail [in 10-cv-02862-REB-KLM] regarding the requirements of Rule 8 and the consequences of not complying with the rule." (ECF No. 6 at 2-3.) Magistrate Judge Boland specifically advised the Carbajals that they "must present their claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims." (ECF No. 6 at 3.)

Despite these instructions, Plaintiffs' second amended complaint filed on January 30 similarly fails to comply with the pleading requirements of Rule 8. The second amended complaint consists of a few relevant facts, a multitude of repetitive, prolix, and conclusory factual allegations, and political and legal argument that combine to form a pleading that is confusing and falls far short of the short and plain statement requirement in Rule 8. Even when Plaintiffs' factual allegations are relevant, they routinely assert those factual allegations generally against various combinations of Defendants without differentiating among the Defendants and providing specific allegations that demonstrate how each named Defendant allegedly violated their rights. Ascertaining the specific claims being asserted against each named Defendant in the second amended complaint also is complicated by the fact that Plaintiffs incorporate the entire second amended complaint into each claim being asserted.

In short, Plaintiffs' second amended complaint does not give Defendants fair notice of the specific claims being asserted against them. Instead, Plaintiffs place an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific factual allegations support each asserted claim. The general rule that *pro se* pleadings must

be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

For all of these reasons, the Court finds that the second amended complaint fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $455 appellate filing fee or file individual motions to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs have failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   23rd   day of   February  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court