IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02826-LTB

VICTORIA CARBAJAL,
DEAN CARBAJAL, and
LUIS LEAL,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado,
MITCHELL R. MORRISSEY, District Attorney for the Second Judicial District, in his
      individual and official capacity,
ANNE M. MANSFIELD, District Court Judge for the Second Judicial District, in her
      individual and official capacity,
REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her
      individual and official capacity,
LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her individual
      and official capacity,
ROBERT FULLER, Investigator for the Second Judicial District, in his individual and
      official capacity,
EDWARD D. BROFIN, Magistrate Judge for the Second Judicial District, in his
      individual and official capacity,
UNKNOWN COURT REPORTER, Court Reporter for the Second Judicial District, in her
      individual and official capacity, and
UNKNOWN TRANSCRIBER, Transcriber for the Second Judicial District, in her
      individual and official capacity,

      Defendants.

ORDER DENYING MOTION TO VACATE JUDGMENT

      Plaintiffs have filed *pro se* on March 13, 2012, a Motion to Vacate Judgment (ECF No. 31) in which they ask the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 23, 2012. The Court must construe the motion liberally because Plaintiffs are not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiffs' Motion to Vacate Judgment pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action without prejudice because Plaintiffs failed to file a pleading that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Court specifically determined that Plaintiffs' second

amended complaint (ECF No. 19) filed on January 30, 2012, did not provide fair notice of the specific claims Plaintiffs are asserting against Defendants in this action. Plaintiffs contend in the Motion to Vacate Judgment that, because they paid the filing fee, they "are entitled to adjudication of their claims without interference or review by a District Court Judge" (ECF No. 31 at 3), and that their second amended complaint does comply with the pleading requirements of Rule 8.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiffs fail to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. First, Plaintiffs do not raise any argument that has not already been addressed or that could not have been raised previously. More importantly, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action sua sponte when a pleading fails to satisfy the requirements of Rule 8. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Furthermore, the Court remains convinced that Plaintiffs' second amended complaint fails to comply with Rule 8. Therefore, the Rule 59(e) motion will be denied. Accordingly, it is

ORDERED that Plaintiffs' Motion to Vacate Judgment (ECF No. 31) filed on March 13, 2012, is DENIED.

DATED at Denver, Colorado, this  20th  day of    March   , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court